**\*\*E-filed 11/8/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RINGCENTRAL, INC.,

         Plaintiff,

  v.

BILL QUIMBY, et al.,

         Defendants.
_____/

No. C 09-2693 RS

**ORDER**

On April 8, 2010, the Court adopted the report and recommendation of the magistrate judge herein and entered a default judgment against Bill Quimby and TollFreeNumbers.com, Inc. On November 4, 2010, defendants filed a motion to stay enforcement of the judgment and a motion to vacate the judgment, both noticed for hearing on December 16, 2010. Defendants did not seek relief under Civil Local Rule 6-3 to have the motion to stay heard on an expedited basis.[1] On November 8, 2010, defendants contacted the Clerk of the Court and advised that they are in fact seeking expedited consideration of the motion to stay. Under the circumstances, no separate

---

[1] In the body of the stay motion, defendants reference potential "*ex parte*" relief under Civil Local Rule 7-10. Under that rule, an *ex parte* motion is one filed without notice to opposing party, and is permissible only where authorized under the circumstances by a statute, Federal Rule, local rule, or Standing Order. Defendants, however, e-filed their motions, with the result that they were automatically served on plaintiff. Rule 7-10 is simply not applicable here.

1 application under Rule 6-3 will be required, and the Court will proceed to the merits of the stay
2 motion.

3     The motion to stay enforcement of the judgment is denied, without prejudice, for the
4 following reasons:

5     1. Rule 62 of the Federal Rules of Civil Procedure vests the Court with discretion to enter
6 such a stay, "[o]n appropriate terms for the opposing party's security." Here, defendants have not
7 proposed any terms to provide for plaintiff's security.

8     2. Defendants contend they were not subject to personal jurisdiction in this forum when
9 judgment was entered. They have not, however, addressed the grounds on which the Report and
10 Recommendation, adopted by the Court, expressly found such jurisdiction to exist over each of
11 them.

12     Nevertheless, in the interests of justice and good cause appearing, it is hereby ordered that
13 the parties shall forthwith engage in good faith meet and confer negotiations regarding (1) whether
14 the default judgment should be set aside by stipulation, and on what terms, and (2) assuming no
15 such stipulation is reached, what, if any, arrangements can be made to protect plaintiff's interests
16 pending a ruling on the motion to set aside the default judgment without causing undue burden or
17 hardship to defendants, and without expending further judicial resources in multiple fora in seeking
18 to enforce a judgment that may or may not ultimately be set aside.

20 IT IS SO ORDERED.

23 Dated: 11/8/2010

    RICHARD SEEBORG
    UNITED STATES DISTRICT JUDGE

2