**\*\*E-filed 5/27 /2011\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RINGCENTRAL, INC.,

        Plaintiff,

v.

BILL QUIMBY, et al.,

        Defendants.
_____/

No. C 09-2693 RS

**ORDER RE ATTORNEY FEES**

By order entered April 18, 2011, the default judgment against defendants was vacated on the condition that plaintiff recover the attorney fees it incurred in obtaining that judgment. Under the default judgment, plaintiff had been awarded $32,096.50 in attorney fees it incurred bringing this action and obtaining judgment. The April 18th order directed plaintiff to submit a revised fee request, limited to the fees incurred specifically in connection with the motion for default judgment.

Plaintiff's revised fee application seeks fees in the amount of $14,637, and is supported by a declaration of counsel describing the tasks performed in connection with obtaining the default judgment, and asserting that upon careful review of the billing records, counsel has determined that 69.7 hours of attorney time were expended, at an hourly rate of $210. Defendants' response to the revised fee application states that they do not oppose the recovery of fees "in concept." Defendants complain, however, that plaintiff has provided inadequate information to evaluate the fee request.

Defendants argue that because it is plaintiff's burden to establish the amount of fees reasonably incurred in obtaining default judgment, the motion should be denied, or at a minimum plaintiff should provide more information, to which defendants would then respond.

In connection with the motion for default judgment, the magistrate judge required plaintiff to submit a supplemental declaration and time records to support its fee request. After reviewing those materials, the magistrate judge issued a report and recommendation that the fees then requested were reasonable, a conclusion the Court adopted. Accordingly, there is little difficulty in concluding now that plaintiff's claimed hourly rate remains reasonable, and that the billing practices generally were appropriate. The more difficult task, however, is discerning what portion of the total attorney time invested in the action is reasonably ascribable to obtaining the default judgment, the expense of which is appropriately shifted to defendants.

Even assuming it would not be an abuse of discretion to deny plaintiff any fee recovery on grounds that it did not meet its burden, the circumstances do not warrant such a result. Nor would it be appropriate to require the parties to expend further fees in resolving this issue. Given the reality of the expense of preparing briefing and court appearances, defendants would be unable to establish that the reasonable cost of obtaining default judgment was less than a sum in the range of several thousand dollars, even if they had more detailed information as to plaintiff's claim. The dollar amount potentially subject to legitimate dispute, therefore, would be no more than a few thousand dollars, a sum that quickly could be eclipsed by the cost of further briefing.

Accordingly, the Court has reviewed the time records previously submitted and considered the record as to the briefing that plaintiff filed, and the court appearances that were required, in pursuit of the default judgment. It is apparent that a significant amount of attorney time was incurred in an attempt to obtain lost profit damages, an effort that did not succeed. In fee-shifting circumstances, it generally is appropriate to *consider* the degree to which the party claiming fees achieved success. *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). Here, while some reduction is appropriate given that the lost profit claim was not part of the judgment plaintiff was able to obtain, it is not unfair for defendants to bear costs incurred even in pursuing unsuccessful theories,

because but for their disregard of their legal obligations, plaintiff would not have been put to the task of trying to prove actual damages in the default context in the first instance.

Under all the circumstances, it is reasonable to shift to defendants the expense of 45 hours of attorney time, at $210 per hour, incurred by plaintiff in obtaining the default judgment. Accordingly, defendants shall pay to plaintiff the total sum of $9450, to be made in three equal payments of $3150 each, beginning no later than July 1, 2011 and continuing monthly thereafter.

IT IS SO ORDERED.

Dated: 5/27/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE