**\*\*E-filed 2/1/12\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RINGCENTRAL, INC., | No. C 09-2693 RS |
|       Plaintiff, | |
|   v. | **ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| BILL QUIMBY, et al., | |
|       Defendants. | |

This motion to dismiss brought by defendants TollFreeNumbers.Com, Inc. and its principal, Bill Quimby, challenges two basic aspects of plaintiff RingCentral, Inc.'s First Amended Complaint. First, defendants contend that the amendments RingCentral has made to its previously-dismissed claims arising from allegations that defendants engaged in a "targeted campaign" of disparagement remain insufficient. Second, defendants argue that they are not subject to personal jurisdiction for claims RingCentral has added to this action that were previously dismissed without prejudice in a related case, Case No. 11-1835 RS, ("*RingCentral II"*). Pursuant to Civil Local Rule 7-1(b), the motion was submitted without oral argument. For the following reasons, it will be denied.

A. Claims imported from *RingCentral II*

The order dismissing *RingCentral II* concluded that there was no basis to assert personal jurisdiction over defendants in that independent action, particularly in the light of the Ninth Circuit's holding in *Casualty Assurance Risk Ins. Brokerage Co. v. Dillon*, 976 F.2d 596, 601 (9th Cir. 1992). See *RingCentral II*, Order filed August 26, 2011. The Order provided, however, that the dismissal was without prejudice to RingCentral's reassertion of those claims in this action, while reserving to defendants the right to challenge such joinder as improper on any grounds. Although defendants do not contend there is anything improper with the joinder of the former *RingCentral II* claims in this action *per se*, they now argue that the joinder does not create a basis for personal jurisdiction over those claims where it otherwise would not exist.

In opposing dismissal for lack of jurisdiction, RingCentral primarily relies on arguments that were rejected in *RingCentral II*, and it has not shown there is a basis to revisit them now. If jurisdiction existed for the reasons RingCentral advances, these claims could have gone forward in *RingCentral II.*

Nevertheless, as defendants acknowledge, the Ninth Circuit recognizes the doctrine of pendent personal jurisdiction. *See Action Embroidery Corp. v. Atlantic Embroidery, Inc*., 368 F.3d 1174, 1181 (9th Cir. 2004). Under that doctrine, "a court may assert . . . jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Id*. at 1180. Additionally, "[t]he facts underlying a particular claim need not exactly track the facts underlying the claims for which there is personal jurisdiction, so long as the core facts are the same." *Fiore v. Walden*, 657 F.3d 838, 858 (9th Cir. 2011). Indeed, only a "loose factual connection between the claims" is necessary to support the exercise of pendent personal jurisdiction. *Id.* at n. 22; *see also CE Distribution, LLC v. New Sensor Corp.,* 380 F.3d 1107, 1113-14 (9th Cir. 2004).

In resisting application of pendent personal jurisdiction here, defendants assert that there is simply no relationship between the claims imported from *RingCentral II* (which arise from an allegedly defamatory email they sent to a third party in Texas), and the claims originally brought in

this action. As to the trademark infringement and cybersquatting claims alleged in the original complaint here, perhaps a tenable argument could be made that there is not even a "loose factual connection" sufficient to support pendent jurisdiction over the claims arising from the Texas email. The original complaint in this action, however, also alleged that defendants had made a variety of false and misleading statements about RingCentral. As discussed below, the amended complaint has added detail regarding that alleged "targeted campaign to disparage RingCentral's products and services." While it may be true that the original allegations of disparagement focused on materials posted on defendant's website, the email to the third party in Texas can fairly be characterized as part and parcel of the same alleged course of conduct.

As explained in *Action Embroidery*, the availability of pendent personal jurisdiction serves "judicial economy, avoidance of piecemeal litigation, and overall convenience of the parties." 368 F.3d at 1181. "When a defendant must appear in a forum to defend against one claim, it is often reasonable to compel that defendant to answer other claims in the same suit arising out of a common nucleus of operative facts." *Id.* Here, there would be no compelling reason to require or permit these parties to litigate claims arising from the same overall course of alleged disparagement in two separate forums, depending on whether the offending statements were made on a website or in an email. Accordingly, the motion to dismiss for lack of jurisdiction is denied.

B. Claims arising from allegations of disparagement

The prior order of dismissal in this action concluded that all of the claims based on allegations that defendants published false and misleading statements regarding RingCentral's products and services were inadequately pleaded. The order observed that the allegedly offending statements were described only in the most general and conclusory terms and, as such, were no more than the kind of "unadorned, the-defendant-unlawfully-harmed-me accusation" disapproved in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The First Amended Complaint adequately addresses the prior deficiency by describing the specific statements RingCentral contends were false and disparaging.[1] The degree of specificity that defendants contend is still lacking goes beyond

---

[1] The relevant claims for relief are also further supported in the First Amended Complaint by the inclusion of allegations regarding the Texas email.

what is required under Rule 8 of the Federal Rules of Civil Procedure and *Iqbal*. *See Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 US 544, 555, 570 (2007) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations" . . . . a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). The motion to dismiss for failure to state a claim is therefore denied.

Defendants shall file an answer to the First Amended Complaint within 20 days of the date of this order. The parties shall appear for a further Case Management Conference on March 1, 2012 at 10:00 a.m., with a joint Case Management Conference Statement to be filed one week in advance.

IT IS SO ORDERED.

Dated: 2/1/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

4